IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J'CARPC, LLC,

                              Plaintiff,

      v.                                          1:06-cv-2357-WSD

DOMINIQUE WILKINS, DEXTER
CHAPPEL, OREL BARCLAY, and
TOP CHOICE INCORPORATED,

                              Defendants.

## OPINION AND ORDER

This action is before the Court on Defendant Dominique Wilkins's

("Wilkins") Motion for Partial Dismissal of Plaintiff's claims. [11].

## I.      BACKGROUND

This is a contract dispute between Plaintiff J'CARPC, LLC ("Plaintiff"), a

New Jersey entertainment company, and Defendants Dominique Wilkins and

Dexter Chappel ("Defendants").[1]  According to Plaintiff's Complaint,[2] in late

_____

[1] Originally, Plaintiff also asserted its claims against Arpin International
Group, Inc., but agreed to Arpin's dismissal from the case on December 7, 2006.
(Consent Mot. [7].)

[2] For purposes of a motion to dismiss, the Court takes Plaintiff's allegations
as true.  Thus, the Court discusses the facts as they are alleged by Plaintiff in its
Complaint.

2002, Plaintiff and Orel Barclay ("Barclay") agreed with Wilkins and Chappel that Barclay would videotape certain celebrity events to be hosted by Wilkins during the NBA All-Star Weekend 2003 in Atlanta, Georgia.  Two of the events were parties which were to be held on February 6 and February 9, 2003, at which several celebrities would appear.  Allegedly, Wilkins agreed to coordinate celebrity interviews at the parties, and he purportedly told Plaintiff that attendees would be charged between $100 and $125 for admission.

Plaintiff alleges that it orally agreed with Wilkins and Barclay that Barclay would create a DVD of celebrity interviews and video footage from the various events.  Wilkins agreed to secure the proper permissions and clearances to sell the DVD.  Plaintiff and Wilkins agreed the profits from the DVD sales would be split equally between Plaintiff and Barclay on the one hand and Wilkins's charity, the Dominique Wilkins Foundation ("the Foundation"),[3] on the other.  Plaintiff alleges that Wilkins "himself or by and through his representative, Defendant Chappel," requested almost $100,000 in payment to the Foundation, purportedly to cover some of the events' expenses.  In return, Plaintiff allegedly was to receive 100% of

---

[3] According to the Complaint, the Foundation, with Wilkins as CEO, was administratively dissolved on July 9, 2005.

the admission fees and bar tab from the Events, on top of the 25% share of profits from the DVD sales.

Plaintiff alleges it paid Wilkins in accordance with the agreement, but that Wilkins and Chappel failed to perform as promised.  According to Plaintiff, Wilkins:  held only one party, did not charge admission, did not pay the proceeds from the bar tab to Plaintiff, did not secure the agreed-upon celebrity access at the party or celebrity interviews for the DVD, and failed to obtain the proper permissions and clearances to sell the DVD.  Plaintiff also alleges that Wilkins appropriated part or all of the money for his personal use rather than giving the funds to the Foundation.  Plaintiff asked Wilkins to return the money, but despite initially agreeing to do so, Wilkins has failed to return the funds.

On October 2, 2006, Plaintiff filed this action, asserting claims for breach of contract, fraud in the inducement, unjust enrichment, conversion, and quantum meruit.[4]  On January 2, 2007, Defendant Wilkins moved to dismiss Plaintiff's

---

[4]  The first Complaint named Carl Ignacuinos, a member and manager of J'CARPC, LLC as the only plaintiff.  On November 29, 2006, an amended complaint substituted the current plaintiff, J'CARPC, LLC.  On March 28, 2007, the Court granted Plaintiff's motion to amend its complaint for a second time, which removed Arpin as a defendant and added Orel Barclay and Top Choice, Inc. as necessary defendants.  Wilkins's Motion to Dismiss is directed at the First Amended Complaint, but the motion is not mooted because the Second Amended

claims for breach of contract and fraud in the inducement.

## II.   **DISCUSSION**

A.   Standard on Motion to Dismiss

The law in this Circuit governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled.  Dismissal of a complaint is appropriate only "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist."  Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir.), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or

---

Complaint does not change any claims asserted against Wilkins.  It merely adds new parties.

legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).

      B.    <u>Consideration of Documents</u>

Wilkins first argues that the Court should consider certain documents not attached to Plaintiff's Complaint. Wilkins contends Plaintiff's claims are actually based upon an agreement entered into between Wilkins and Barclay. In two prior cases not before this Court,[5] Plaintiff submitted and relied upon three documents to support its claim that the agreement existed. Plaintiff also submitted four affidavits in the earlier cases to support its claim that the agreement existed and that Wilkins made misrepresentations to Barclay. Thus, Wilkins argues these documents should be considered now. Relying upon <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364 (11th Cir. 1997), Wilkins argues that although a Rule 12(b)(6) motion to dismiss is typically limited to the Complaint and any attachments, the

---

[5] In February 2004, Plaintiff, along with recently added Defendant Top Choice, brought an action in the United States District Court for the District of New Jersey against Chappel, Wilkins, the Foundation, and various other parties based upon the same events. In December 2004, the New Jersey district court dismissed the case for lack of personal jurisdiction over the defendants. A month later, Plaintiff, Top Choice, Barclay, and Ignacuinos made the same allegations against the same defendants in the Northern District of Georgia. In October 2005, that case was dismissed for failure to effect service upon the defendants within 120 days.

Court should consider a contract forming the basis of Plaintiff's claims, even if it is not attached to the Complaint. (Mot. to Dismiss, at 7.) Plaintiff responds that it is improper for the Court to consider documents that are not attached to the Complaint, are not mentioned in the Complaint, and which are not central to Plaintiff's claims. The Court agrees.

Wilkins's reliance on <u>Brooks</u> is misplaced. In <u>Brooks</u>, the Eleventh Circuit stated that "*where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim*, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." <u>Id.</u> at 1369 (emphasis added). <u>Brooks</u> did not hold that a defendant is permitted, on a motion to dismiss, to submit documents used in a prior lawsuit.

Plaintiff did not attach any documents or contracts to its Complaint, it does not refer in the Complaint to the documents, and Plaintiff does not contend that these documents are central to its claims against Defendants. The Court's duty on a motion to dismiss is to examine the Complaint and determine whether any construction of Plaintiff's factual allegations will support its cause of action. In

deciding a motion to dismiss, it is inappropriate to consider the ancillary

documents submitted by the defendant.

      C.    <u>Breach of Contract</u>

      Relying entirely on the improperly submitted documents, Wilkins argues

that Plaintiff's breach of contract claim fails as a matter of law.  Wilkins contends

Plaintiff cannot assert a breach of contract claim against him because the

documents were not executed by Plaintiff, thus Plaintiff is not a party to the

contract and cannot sue for damages.  Wilkins also argues that the documents are

not valid, enforceable agreements because they lack consideration and are merely

letters of intent.[6]  Plaintiff responds that it does not rely on these documents for its

contract claim.  Plaintiff alleges it had an oral agreement with Wilkins.

      "A contract is an agreement between two or more parties for the doing or not

doing of some specified thing."  O.C.G.A. § 13-1-1.  "The elements of a right to

recover for a breach of contract are the breach and the resultant damages to the

party who has the right to complain about the contract being broken."  <u>Budget</u>

<u>Rent-A-Car of Atlanta, Inc. v. Webb</u>, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996).  In

---

     [6] Wilkins makes no arguments attacking the sufficiency of Plaintiff's
allegations in the Complaint.  He bases his argument for dismissal entirely on the
improperly submitted documents.

its Complaint, Plaintiff alleges that "Wilkins himself or by and through his representative, Defendant Chappel," agreed that Wilkins would host two parties during the 2003 NBA All-Star weekend, that Plaintiff would be permitted to attend and film the parties, that Wilkins would obtain the necessary clearances for Plaintiff to use the video footage for a DVD, that Plaintiff would receive the gross profits from the Event admissions and bar tab, and that Plaintiff and Barclay would split the DVD profits with the Wilkins Foundation.  (First Am. Compl. [2], at ¶¶ 14-17.)  In exchange, Plaintiff agreed to pay approximately $90,581 to the Foundation to fund the events.

Plaintiff alleges Wilkins breached the agreement by failing to hold one of the parties, refusing to allow Barclay full access to other celebrity events, failing to charge admission to the party that was held, and failing to pay Plaintiff the funds from the bar tab.  At this stage, these allegations are sufficient to state a claim for breach of contract, and Wilkins's motion to dismiss the breach of contract claim is denied.

    D.    Fraud

Wilkins next argues that Plaintiff's fraud claim against him should be dismissed.   Relying entirely on the improperly submitted affidavits, Wilkins first

contends that Plaintiff never communicated directly with Wilkins, therefore it cannot assert a claim of fraud against him.  (Mot. to Dismiss, at 12.)  As previously discussed, it is improper for the Court to consider these extrinsic documents in determining the validity of Plaintiff's claims at this stage.  In the Complaint, Plaintiff sufficiently alleges that Wilkins made the misrepresentations upon which its fraud claim is based.

Wilkins next argues that Plaintiff's fraud claim fails because fraud cannot be based upon a promise relating to future acts.  (Mot. to Dismiss, at 13.)  Plaintiff responds that its fraud claim is valid because it is based on representations made by Wilkins with a present intent not to perform.  "In Georgia, the common law tort of fraud requires five elements:  (1) false representation by defendant; (2) with scienter, or knowledge of falsity; (3) with intent to deceive plaintiff or to induce plaintiff into acting or refraining from acting; (4) on which plaintiff justifiably relied; (5) with proximate cause of damages to plaintiff."  Worsham v. Provident Cos., Inc., 249 F. Supp. 2d 1325, 1331 (N.D. Ga. 2002); see also Ledford v. Smith, 618 S.E.2d 627, 634 (Ga. Ct. App. 2005).

"Normally, fraud cannot be predicated on statements which are in the nature of promises as to future events."  Goodlett v. Ray Label Corp., 319 S.E.2d 533,

535 (Ga. Ct. App. 1984).  "The general rule is that actionable fraud cannot be

predicated upon promises to perform some act in the future.  Nor does actionable

fraud result from a mere failure to perform promises made.  Otherwise, any breach

of a contract would amount to fraud."  Buckley v. Turner Heritage Homes, Inc.,

547 S.E.2d 373, 376 (Ga. Ct. App. 2001).  "The well recognized exceptions to this

rule are promises made without present intent to perform, which is a

misrepresentation of a present state of mind and promises made as an inducement

to enter a contract."  Goodlett, 319 S.E.2d at 535 (citations omitted); see also

Buckley, 547 S.E.2d at 376; Cmty. Fed. Sav. & Loan Assoc. v. Foster Developers,

Inc., 348 S.E.2d 326, 329 (Ga. Ct. App. 1986).  Both exceptions "require the

promise (or concealment) be made in a manner as to deceive and mislead. . . .

[K]nowledge of the falsehood constitutes an essential element."  Cmty Sav. &

Loan, 348 S.E.2d at 329 (citations omitted).  "A fraudulent or reckless

representation of facts as true, when they are not, if intended to deceive, is

equivalent to a knowledge of their falsehood . . . ."  O.C.G.A. 51-6-2(b).

Plaintiff alleges that Wilkins willfully misrepresented that he would host

certain events and that he would obtain consent from celebrities for filming of the

DVD in exchange for the funds paid to the Foundation.  Plaintiff additionally

10

alleges that "Defendants Wilkins and Chappel made such material statements of fact in such a manner as to deceive and mislead, *in order to cause Plaintiff to enter into the agreement with them* and provide the Funds."  (First Am. Compl., at ¶ 61) (emphasis added).  Plaintiff also alleges that "Defendants knew their representations were false when made," that they "intended the representations to be relied on by Plaintiff in deciding to give Defendants the Funds," that Plaintiffs were induced to pay Defendants over $90,000, and that due to these fraudulent actions, Plaintiff was injured and suffered damages.  (Id. at ¶¶ 66-69.)

Because Plaintiff alleges that Wilkins made these promises, with intent to deceive and mislead, as an inducement for Plaintiff to enter into the contract, Plaintiff's fraud claim is not barred by the general rule that fraud may not be based on a promise to perform in the future.  At this stage in the litigation, Plaintiff's allegations are sufficient to survive, and Wilkins's Motion to Dismiss is denied.[7]

---

[7] Wilkins also argues that a claim for fraudulent inducement cannot be asserted where the agreement Plaintiff allegedly was induced to execute is unenforceable.  (Mot. to Dismiss, at 14.)  As previously discussed, Wilkins cannot establish that the agreement is unenforceable using only the improperly submitted documents.

III.   **<u>CONCLUSION</u>**

For the reasons stated above,

   **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts 1

and 2 [11] is **DENIED**.

   **SO ORDERED** this 22nd day of May, 2007.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE